UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEVEN RUBEOR,

                Plaintiff,

       -against-                              1:13-cv-0612 (LEK/CFH)

TOWN OF WRIGHT, *et al.*,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Before the Court is Defendants Town of Wright; Town Board of the Town of Wright ("Town Board"); Susan Crosby ("Crosby") Amber Bleau ("Bleau"); Alex Lunieski ("Lunieski"); and Ed Thornton's ("Thornton") (collectively, "Defendants") Motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 7 ("Motion"); 7-1 ("Memorandum"). For the following reasons, the Motion is granted in part and denied in part.

**II.    BACKGROUND**

The Court presumes the parties' familiarity with the facts and history of this case and recites only those facts necessary to the resolution of the pending Motion.

Plaintiff Steven Rubeor ("Plaintiff") originally filed an Article 78 Petition in New York Supreme Court seeking an annulment of his removal as assessor for the Town of Wright on the basis of Defendants' failure to comply with state law and the United States Constitution. See Dkt. No. 1-1 ("Complaint"). The Complaint further asserted claims for back pay and damages under 42 U.S.C. § 1983, citing deprivation of Plaintiff's property rights without due process of law. Id. Defendants removed the action to the Northern District of New York pursuant to 28 U.S.C. § 1441.

Dkt. No. 1. Defendants then filed their Motion and Memorandum, and Plaintiff submitted a Response. Dkt. No. 12 ("Response"). Defendants replied and requested that the Court convert their Motion for judgment on the pleadings into a motion for summary judgment in order for the Court to consider Defendants' attached Declaration and five Exhibits. See Dkt. Nos. 17 ("Bleau Declaration"); 17-1 to 17-5 ("Exhibits"); 17-6 ("Reply Memorandum") at 1.

The Court abstained from exercising jurisdiction over Plaintiff's Article 78 claims, and those claims were remanded to state court. Dkt. No. 26 ("2014 Decision"). The Court stayed Plaintiff's federal claims pending the resolution of the Article 78 proceedings.[1] Id. The New York State Supreme Court ruled in Plaintiff's favor, finding that Plaintiff was entitled to complete his term as Assessor for the Town of Wright. Rubeor v. Town of Wright, 20 N.Y.S.3d 730, 732 (App. Div. 2015). The Appellate Division affirmed, and the New York Court of Appeals denied Defendants' Motion for leave to appeal. Id. at 733; lv. denied, 27 N.Y.3d 902 (2016).

On April 5, 2016, Plaintiff filed a Letter Motion requesting that the Court lift the stay and issue a ruling on Defendants' pending Motion for judgment on the pleadings. Dkt. No. 33 ("Letter Motion"). On April 7, 2016, the Court granted Plaintiff's Letter Motion in a Text Order lifting the stay and reinstating Defendants' Motion. Dkt. No. 34 ("April Order").

## III. LEGAL STANDARD

### A. Judgment on the Pleadings

Any party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed, but early enough not to delay trial. FED. R. CIV. P. 12(c). Rule

---

[1] The Court reserved judgment on Defendants' request to convert their Motion for judgment on the pleadings into a motion for summary judgment.

12(c) motions for judgment on the pleadings are decided by the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted.[2] Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). Thus, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face,'" Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), when the complaint's factual allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178 (2d Cir. 2013). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Additionally, the "tenet that a court must accept as true all of the allegations contained in [a complaint] is inapplicable to legal conclusions." Id.

In evaluating a Rule 12(c) motion, a court is limited to the information contained in the pleadings themselves. See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006) (citing Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)). Generally, a court must convert a Rule 12(c) motion into a motion for summary judgment in order to consider material outside of the pleadings. FED. R. CIV. P. 12(d). However, "[a] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." Byrd v. City of New York, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8,

---

[2] After removal to federal court, "repleading is unnecessary unless the court orders it." FED. R. CIV. P. 81(c)(2). Although Plaintiff's pleadings were originally filed in state court, federal pleading standards apply post-removal. See FED. R. CIV. P. 81(c)(1); Armstrong v. Shirvell, 596 F. App'x 433 (6th Cir. 2015), cert. denied, 136 S. Ct. 403 (2015).

3

2005) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).

**IV.    DISCUSSION**

Plaintiff's Complaint alleges that Defendants illegally removed Plaintiff from his office as the assessor for the Town of Wright. Compl. ¶ 2. Specifically, Plaintiff alleges that Defendants failed to comply with New York Public Officers Law § 36, under which public officers may only be removed for cause and after application to the Appellate Division. Id. ¶ 1; N.Y. PUB. OFF. LAW § 36; Enos v. Village of Seneca Falls, 288 N.Y.S.2d 785, 786-87 (App. Div. 2001). Plaintiff also brings claims for back pay, punitive damages, and compensatory damages under 42 U.S.C. § 1983, alleging that his removal from office violated the Due Process Clause of the Fourteenth Amendment. Compl. ¶ 76.

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants cite four grounds for dismissal: (1) that individual members of the Town Board of the Town of Wright are entitled to legislative immunity and, therefore, claims against them should be dismissed; (2) that individual members of the Town Board are entitled to qualified immunity and, therefore, claims against them should be dismissed; (3) that the action should be dismissed as to Susan Crosby because the Complaint does not state a cause of action against her; and (4) that claims against individual Defendants in their official capacities should be dismissed because they are redundant when the municipality is also named as a Defendant. Mem. at 3-4, 6-7.

In their Reply, Defendants request that "if the Court cannot dismiss the named individuals based on FRCP 12(c) . . . the Court convert this motion into a summary judgment motion pursuant to FRCP 56." Reply at 1. As will be discussed further, in light of the recent state court decision in this case on remand, the Court dismisses the Complaint as to Defendants Crosby, Bleau, Lunieski,

4

and Thornton in their individual and official capacities pursuant to Rule 12(c) based on the pleadings alone. Therefore, it is not necessary to consider the Exhibits attached to Defendants' Reply or to convert the Motion into a motion for summary judgment. However, to the extent that Defendants move for dismissal as to the Town of Wright and the Town Board, their Motion is denied.

### A. Legislative Immunity

Legislators are entitled to absolute immunity from liability under 42 U.S.C. § 1983 for their legislative activities. Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). "The test for determining whether an act is legislative 'turns on the nature of the act, rather than on the motive or intent of the official performing it.'" Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 210 (2d Cir. 2003) (quoting Bogan, 523 U.S. at 54). In order to be considered legislative, "the act in question must be taken 'in the sphere of legitimate legislative activity.'" Id. (quoting Bogan, 523 U.S. at 54).

Administrative firings are not protected by legislative immunity. Almonte v. City of Long Beach, 478 F.3d 100, 108 (2d Cir. 2007). "A personnel decision is administrative in nature if it is directed at a particular employee or employees, and is not part of a broader legislative policy." Id.; see also Harhay, 323 F.3d at 210 ("Discretionary personnel decisions, even if undertaken by public officials who otherwise are entitled to immunity, do not give rise to immunity because such decisionmaking is no different in substance from that which is enjoyed by other actors.")

Defendants argue that "the individual members of the Wright Town Board are entitled to legislative immunity for the decision to withdraw from the CAP program, as these individuals were acting in a legislative capacity when making this decision." Mem. at 3. Defendants further argue that Plaintiff was never removed from his position as assessor for the Town of Wright because he

was an employee of the CAP, not the Town of Wright itself. Reply at 8. Therefore, "the Town Board did not violate and was not required to comply with New York Public Officers Law § 36 as they did not remove Plaintiff from office of the CAP Assessor." Id. at 8-9. In sum, Defendants argue that their action was necessarily legislative because they never fired Plaintiff—an action that would presumably qualify as administrative—they simply withdrew from the CAP, which ended the Town's relationship with Plaintiff.

The critical issue with regard to legislative immunity is thus one of state law: were Defendants required to comply with New York Public Officers Law § 36, or was Plaintiff's six-year term as assessor truncated by the Town of Wright's withdrawal from the CAP. The state law governing CAPs provides little guidance on this particular issue, and New York state courts addressed the issue for the first time in this case on remand. See N.Y. REAL PROP. TAX LAW § 579; Rubeor, 20 N.Y.S. 3d at 732.

The Appellate Division affirmed the Supreme Court of Schoharie County's decision that Plaintiff was entitled to complete his six-year term as assessor. Id. While the Appellate Division noted that the governing statute "seemingly has conflicting provisions," they issued the following ruling: "We conclude that petitioner's term of office did not end when the Town withdrew from the CAP and that petitioner held a right to continued employment until the expiration of his term." Id. at 733. Thus, the Appellate Division's ruling clarifies that Plaintiff was, in fact, assessor for the Town of Wright, not just for the CAP.

The Town Board's decision to withdraw from the CAP may have been legislative, but the Appellate Division makes clear that that act did not, in itself, terminate Plaintiff's employment as assessor for the Town of Wright. Therefore, the act of removing Plaintiff from office was not

legislative; it was an administrative firing.  The Appellate Division's clarification of state law makes it apparent that Defendants are not entitled to legislative immunity.

### B. Qualified Immunity

Qualified immunity shields government officials from civil damages liability, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012); see also Pearson v. Callahan, 555 U.S. 223, 231 (2009); Sudler v. City of New York, 689 F.3d 159, 174 (2d Cir. 2012).  The law of qualified immunity seeks to strike a balance between "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson, 555 U.S. at 231.  Government officials are shielded from liability by qualified immunity when making "reasonable mistakes" concerning the lawfulness of their conduct.  Sudler, 689 F.3d at 174 (citing Saucier v. Katz, 533 U.S. 194, 206 (2001), abrogated on other grounds by Pearson, 555 U.S. 223).

Because qualified immunity is "an immunity from suit rather than a mere defense to liability," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Pearson, 555 U.S. at 231 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).

The determination of whether a government official is immune from suit is informed by two factors.  Doninger v. Niehoff, 642 F.3d 334, 345 (2d Cir. 2011).  Specifically, the inquiry turns on whether the facts alleged, taken in the light most favorable to the plaintiff, show (1) that the conduct at issue violated a statutory or constitutional right, and (2) that the right "was clearly established at the time of the challenged conduct."  Terebesi v. Torreso, 764 F.3d 217, 230 (2d Cir. 2014) (citing

7

Reichle, 132 S. Ct. at 2093). Defendants argue in their Motion that they are entitled to qualified immunity because the Town of Wright did not violate any clearly established laws in removing Plaintiff from his job as the Town of Wright's assessor. Mot. at 6.

### 1. *Violation of a Statutory or Constitutional Right*

Plaintiff claims that the Town Board's "removal of [Plaintiff] from his office as assessor for the Town of Wright violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." Compl. ¶ 3. The Fourteenth Amendment provides, in relevant part, that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1. "To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." J.S. v. T'Kach, 714 F.3d 99, 105 (2d Cir. 2013) (citing Ahlers v. Rabinowitz, 684 F.3d 53, 62 (2d Cir. 2012)).

Here, Plaintiff claims that he had a property interest in his position as assessor for the Town of Wright and that he was deprived of that position without due process. Compl. ¶ 3. Whether or not a plaintiff has a protected property interest in their right to continued employment is an issue determined by state law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). Once an interest has been established, federal constitutional law determines whether that interest is a property right carrying a "legitimate claim of entitlement" to merit due process prior to deprivation. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). A showing that an employee cannot be removed except for cause is sufficient to show entitlement to due process. Loudemill, 470 U.S. at 538-39. If an officer's removal is discretionary or incident to other functions, the plaintiff does not have a protected property interest. See Schwartz v. Mayor's Comm. on Judiciary, 816 F.2d 54, 56 (2d Cir.

1987) (holding that a judge subject to discretionary reappointment had no protected property right in being reappointed to the bench).

In this case, the Appellate Division resolved the question of whether or not Plaintiff could be removed without cause. "There is no dispute here that the Town is required to appoint an assessor, whose term of office shall be six years . . . and that an assessor is a public officer who ordinarily may only be removed from office for cause under Public Officers Law § 36. The question presented is whether a CAP changes this structure." Rubeor, 20 N.Y.S.3d at 732. The Appellate Division went on to find that the Town's withdrawal from the CAP did not truncate Plaintiff's term of office and, therefore, that Plaintiff could only be removed for cause. Id. at 733. Thus, Plaintiff had a protected property interest in his position as assessor for the Town of Wright and Plaintiff was entitled to due process of law.

*2. Was the Right Clearly Established*

The second step in qualified immunity analysis is to determine whether the constitutional or statutory right was clearly established at the time that it was violated. Terebesi, 764 F.3d at 230. "To be clearly established, a right must be sufficiently clear 'that every "reasonable official would [have understood] that what he is doing violates that right."'" Reichle, 132 S.Ct at 2093 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Reichle, 132 S.Ct at 2093 (quoting al-Kidd, 563 U.S. at 741). In order to place a question beyond debate, there need not be a case exactly on point "so long as preexisting law 'clearly foreshadow[s] a particular ruling on the issue.'" Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (quoting Tellier v. Fields, 280 F.3d 69, 84 (2d Cir. 2000)).

9

Here, where Plaintiff's constitutionally protected property interest depended on an unresolved issue of state law, the right that was violated was not clearly established. At the time that Plaintiff was removed from his position as assessor for the Town of Wright, there was no clearly established precedent for whether or not withdrawing from a CAP would prematurely end Plaintiff's term as assessor for the Town of Wright. As the Appellate Division noted, "This dispute raises an issue of first impression as to whether a town's withdrawal from a CAP truncates an assessor's term of office." Rubeor, 20 N.Y.S.3d at 732. The Appellate Division's decision established Plaintiff's constitutionally protected property interest in his continued employment as assessor for the Town of Wright. Therefore, Plaintiff's right could not have been clearly established prior to the Appellate Division's decision.

Plaintiff's Complaint raised complicated and unresolved issues of state law—issues that clearly were not placed beyond debate by existing precedent—such that a reasonable official could have believed that Defendants were not violating the law by removing Plaintiff from his office. Therefore, the constitutional right in question was not clearly established, and individual Defendants are entitled to qualified immunity. However, it is well settled that municipal entities are not entitled to qualified immunity from § 1983 liability. Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, No. 07-CV-6304, 2015 WL 5729783, at *69 (S.D.N.Y. Sept. 29, 2015). Therefore, the Town of Wright and the Town Board are not entitled to qualified immunity.

### 3. Qualified Immunity and Discovery

Given the factual nature of the qualified immunity inquiry, it is an issue "often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed." Walker v. Schult, 717 F.3d 119, 129 (2d Cir. 2013). However, qualified immunity

10

may still be established by the facts alleged in a complaint.  Does, 779 F.3d at 97.  Indeed, there are competing considerations that favor resolving qualified immunity as early as possible.  Id. ("[B]ecause qualified immunity protects officials not merely from liability but from litigation, [the] issue should be resolved when possible on a motion to dismiss, 'before the commencement of discovery,' to avoid subjecting public officials to time consuming and expensive discovery procedures." (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).)

Further factual inquiry is not necessary to resolve the qualified immunity question in this case.  In light of the Appellate Division's decision, the facts contained in the Complaint show that Plaintiff's constitutionally protected employment right was not clearly established at the time he was removed from office.  See Rubeor, 20 N.Y.S.3d 730; Compl.  Plaintiff argues that "[o]nly discovery can . . . determin[e] the individual defendants' entitlement to qualified immunity."  Opp'n at 23.  On the contrary, any discovery pertaining to the motivations of the Town Board or of individual Defendants would not impact the qualified immunity analysis.  Courts use an objective standard for determining whether or not a law is clearly established; no consideration is given to "subjective intent, motives, or beliefs of the officials."  Conn. ex rel. Blumenthal v. Crott, 346 F.3d 84, 106 (2d Cir. 2003).

**C.  Claims Against Susan Crosby**

Defendants argue that "Plaintiff's Complaint does not and cannot state a cause of action against Defendant Susan Crosby and the action must be dismissed as against her."  Mot. at 7.  Crosby replaced Plaintiff as assessor for the Town of Wright.  Plaintiff named Crosby as a Defendant in the Complaint and noted that she "is named in the action solely in the event she is deemed a necessary party to this proceeding."  Compl. ¶ 14.  Since Plaintiff sought to be

11

reappointed to the position of assessor, he argued that Crosby's interests were implicated in the litigation and she was a necessary party to the proceeding pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i). Opp'n at 10 n.5.

In Plaintiff's Opposition, he clarifies that he "does not oppose defendant's motion to dismiss Susan Crosby, the Current Town Assessor, from this action to the extent that his reinstatement remedy is mooted by the passage of time, i.e. the completion of his appointed term of office as Assessor." Id. By any measure, Plaintiff's appointed term of office as assessor for the Town of Wright is now over. In Plaintiff's Complaint, he presents two possible dates on which his term as assessor for the Town of Wright may have ended: August 31, 2014, and September 31, 2013. Compl. ¶ 46. Both of those dates have passed and, therefore, Crosby is no longer a necessary party. The action is dismissed as to Crosby.

### D. Redundancy of Claims Against Individuals in Their Official Capacity

Defendants move to dismiss claims against individual Defendants named in their official capacities. Mem. at 7. Defendants argue that those claims and the claims against the Town of Wright and the Town Board are redundant. Id. Plaintiff "does not oppose defendants' motion to dismiss the actions against the individual defendants *in their official capacities* to the extent that this Court deems these claims redundant of Plaintiff's claims against the Town of Wright and the Town Board of the Town of Wright." Opp'n at 10 n.5.

The Court finds that claims against individual Defendants named in their official capacities are redundant. "Claims against individual defendants in their official capacities 'are really just claims against the municipality and, thus, are redundant when the municipality is also named as a defendant.'" Zachary v. Clinton County, No. 01-CV-1281, 2003 WL 24197685, at *2 (N.D.N.Y.

Jan. 10, 2003) (citing Wallikas v. Harder, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999). Therefore, all claims against individual Defendants named in their official capacities are dismissed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 7) for judgment on the pleadings as to Defendants Amber Bleau, Alex Lunieski, Ed Thornton, and Susan Crosby in their individual and official capacities is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 08, 2016
Albany, NY

Lawrence E. Kahn
U.S. District Judge